IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
|                                                      ) | |
|          v.                                        ) | Criminal No. 4:25-cr-04-01 |
|                                                      ) | |
| ROBERT CHAMBERS, JR.,          ) | |
|                                                      ) | |
|          Defendant.                         ) | |

## SENTENCING POSITION OF THE UNITED STATES

The United States by and through its counsel, Lindsey Halligan, United States Attorney for the Eastern District of Virginia, and Peter G. Osyf, Assistant United States Attorney, files this Position on Sentencing. The United States recommends a sentence within the defendant's properly calculated, advisory guidelines range. Specifically, the United States recommends a term of imprisonment of 120 months' imprisonment.

**Statutory Considerations**

The defendant pleaded guilty before this Honorable Court on June 9, 2025, to Count One and Count Four of the Superseding Indictment in his case. Count One charged the defendant with Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371, which carries a maximum possible term of imprisonment of 5 years. Count Four charged the defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), which carries a maximum possible term of imprisonment of 15 years. The Court may sentence the defendant to any term of imprisonment up to 20 years of imprisonment.

1

**Impact of the Plea Agreement**

The parties entered into a plea agreement and the United States acknowledges the defendant's acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels pursuant to U.S.S.G. § 3E1.1(a). Additionally, because the defendant's timely notification of his intention to enter a plea of guilty, permitted the United States to avoid preparing for trial and permitted the United States and the court to allocate their resources efficiently, the United States filed a motion for an additional point reduction under U.S.S.G. § 3E1.1(b).

**Sentencing Guidelines Calculation**

The United States Probation Department prepared a pre-sentence report (PSR) which detailed the offenses of conviction and the characteristics of the defendant. In calculating the offense level for the defendant, the probation office first assigned a base offense level of 22 under U.S.S.G. § 2K2.1(b)(1)(C). A 6-point enhancement was applied pursuant to U.S.S.G. § 2K2.1(b)(1)(C) because the offense involved 25 to 99 firearms (actually 47). An additional point was added pursuant to U.S.S.G. § 2K2.1(b)(4)(B)(ii) because the defendant knew that any firearm involved in the offense was not otherwise marked with a serial number or was willfully blind to or consciously avoided knowledge of such fact. Another 1-point enhancement was added in accordance with U.S.S.G. § 2K2.1(b)(5)(A)(i) and (ii) because the defendant possessed four or more machine gun conversion devices, transferred or sold any machinegun conversion device to another person, or attempted or conspired to commit such a transfer. Applying the 3-point reduction addressed above, the defendant's total offense level is 26.

The probation officer also calculated a criminal history level for the defendant. In assigning points to the prior convictions, the defendant received the following: Destroy Property (0); Trespassing (0); Threat (0); Verbal Threats (0); Concealment (0); Possession of Alcohol (0);

Concealment (0); Verbal Assault (0); Possession of Stolen Property (0); Possession of Tobacco (0); Concealment (0); Break and Enter in the Daytime with Intent to Commit Larceny (0); Felon Possess Firearm (0); Obscene Display of person or Privates (0); Drive on Suspended/Revoked License (0); Drive on Suspended/Revoked License (0); Wearing Mask in Public Place (3); Abduction (0); Possess Firearm by Felon (0); Reckless Driving 81/65 (0); Reckless Driving – On Parking Lots (0); Driving Under Revocation or Suspension (0); Operate/Permit Operate Uninsured Vehicle (0); Drive Without License Endorsement (0); Disorderly Conduct (0); Driving Under Revocation or Suspension, 4th offense (1); No Valid Operator's License (0); Alter or Forge License Plate (0); Counterfeit Inspection Sticker (0); Fireworks Prohibited (1); Trafficking Fentanyl by Possession (2); Trafficking Fentanyl by Transportation (0); Assault on Law Enforcement Officer (2); False Statement on Criminal History (2); and Fail to Appear. These resulted in eleven (11) criminal history points. Because the defendant committed the instant offense while under a criminal justice sentence and his criminal history points received is more than 7, one additional point is added pursuant to U.S.S.G. § 4A1.1(e). Twelve (12) total criminal history points establishes a criminal history category of V pursuant to U.S.S.G. Chapter 5, Part A.

As a criminal history category V defendant with an offense level of 26, the defendant's sentencing guidelines range is 110 to 137 months.

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

As outlined *supra*, the calculated sentencing range under the guidelines is 110 to 137 months. The United States will now briefly address the statutory factors that support its request for a sentence of 120 months.

    A.    Nature of the Offense

The nature of the defendant's offenses of conviction is extremely dangerous. Manufacturing and distributing firearms (to included machinegun conversion devices and

suppressors) is inherently dangerous. The fact that the defendant was manufacturing untraceable firearms and firearms accessories and then distributing them, should weigh heavily on the Court's consideration of an appropriately significant sentence.

    B.    History and Characteristics of the Defendant

There is no dispute that the defendant's life has been marred with violence and hardship which has unquestionably harmed him and contributed greatly to his chosen lifestyle. He suffered greatly at the abusive hands of his biological father.

However, the defendant, born in Newport News and raised in Hampton, Virginia, is 48 years old and is at a point in life where it is difficult to continue blaming his childhood for his continued choices in life. The defendant has obtained his GED and has attended college courses. He is smart and has managed to secure employment in between incarcerations. The defendant is generally healthy physically, but does clearly suffer form some mental and emotional health issues. Compounding the problem is the defendant's issue with alcohol.

    C.    Need for Just Punishment

The defendant's offenses of conviction are inherently dangerous. The defendant is no stranger to law enforcement and is aware of the gravity of his crimes, yet he chooses to continue to endanger the lives of those in his own community, and to destroy the life and reputation of his significant other/co-defendant. Such utter disregard for one's fellow citizens is deserved of punishment.

    D.    Deterrence

The two types of deterrence at issue are general and specific. On the issue of general deterrence, the public must have confidence that the activities of the defendant are treated with the utmost seriousness. The public must look at the actions of the defendant; manufacturing and dealing untraceable firearms, and know that such conduct commands a significant punishment.

The value of life, of crime free communities, and of societal stability are expressed in the sentence assigned to the defendant. Those inclined to consider committing crimes like those of the defendant must be made to pause in thinking about the consequences that follow.

As for specific deterrence, the defendant is not new to this lifestyle. He has been caught, convicted, and undeterred in the past. Worse still, he only seems to be escalating his criminal lifestyle and exercising an ever-increasing disregard for the law and safety of others. A term of incarceration within the defendant's guidelines range has been earned by the offenses of conviction and such a sentence will hopefully deter this individual – this time – from future similar conduct.

E.   Need to Protect Society

The defendant's continued disrespect for the law and the reckless disregard for the lives and safety of fellow individuals in this case demand a need for this Court to protect society from the inherently dangerous conduct of the defendant. Citizens have a right to be protected from such willful callousness to their safety.

F.   Avoiding Sentencing Disparities

A guideline sentence can be considered presumptively reasonable and so no sentencing disparity will be created by sentencing the defendant to 120 months' imprisonment.

**Conclusion**

The defendant's recidivist conduct and the inherent danger in the lifestyle he continues to choose, support a sentence within the defendant's guidelines range. For the safety of the community and to properly deter the defendant from repeat offenses, 120 months of imprisonment on Counts One and Four is sufficient but not greater than necessary to accomplish the goals of sentencing.

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY

By: _____/s/_____
Peter G. Osyf
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
peter.osyf@usdoj.gov

<u>Certificate of Service</u>

  I certify that on November 14, 2025, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system who will send notification of such filing (NEF) to all counsel of record:

        By:   /s/
           Peter G. Osyf
           Assistant United States Attorney
           Attorney for the United States
           United States Attorney's Office
           One City Center
           11815 Fountain Way, Suite 200
           Newport News, Virginia 23606
           (757) 591-4000 Office
           (757) 591-0866 Fax
           peter.osyf@usdoj.gov